**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **RICHARD RILEY, JR.**<br>**LA. DOC #124765** | **CIVIL ACTION NO. 3:12-cv-0374** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **ISAAC BROWN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Richard Riley, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 6, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Morehouse Parish Corrections Center, Collinston, Louisiana. He complains that Warden Isaac Brown has interfered with his right to practice Islam by denying him access to his "prayer rug." He prays for compensatory damages of $100,000 for "physical and emotional injuries sustained as a result of the plaintiff's deprivation" and punitive damages in a like amount. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provision of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

***Statement of the Case***

Plaintiff received a prayer rug in the mail from "a legal vending and publishing Inc. for Islamic Books, Rugs, Qurans etc." on January 20, 2012, Plaintiff claims that on that same date, during weekly Jumu'ah services, Warden Brown informed plaintiff and others that he could not

have the rug. Plaintiff submitted a grievance, and, when he received no response, he filed the instant complaint.

### ***Law and Analysis***

#### ***1. Screening***

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's

complaint and is “not free to speculate that the plaintiff ‘might’ be able to state a claim if given yet another opportunity to add more facts to the complaint.” *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has adequately stated his claim for relief and the facts supporting it. Under the circumstances, he need not be permitted further amendment because his allegations – taken as true for the purposes of this report – fail to state a claim for which relief may be granted.

***2. Practice of Religion***

***a. First Amendment***

Inmates retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives. *See O’Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).

The standard for evaluating an inmate’s claim that a prison regulation or practice improperly restricts his right to the free exercise of his religion requires the court to evaluate the regulation or practice in order to determine whether it “is reasonably related to legitimate penological interests.” *Id.* at 349. The “reasonableness” of a regulation or practice is evaluated

based upon the following inquiry: (1) Is there a valid, rational connection between the prison practice and the legitimate governmental interest put forward by prison officials to justify the practice; (2) Are there alternative means of exercising the right that remain open to prison inmates, that is, are inmates allowed other means to express their religious beliefs on a general level; (3) What impact will accommodation of the asserted constitutional right have on guards and other inmates and on the allocation of prison resources generally; and, (4) Are alternatives to the prison practice available that would accommodate the inmates' rights at a *de minimis* cost to valid penological interests? *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), *Green v. Polunsky*, 229 F.3d 486, 489-90 (5th Cir.2000). Each factor need not be considered, and the factors need not be evaluated evenly. *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77, 80 (5th Cir.1992).

Plaintiff has not demonstrated that he is totally prohibited from practicing his chosen religion by defendant's refusal to allow access to a prayer rug. Indeed, Islam requires its adherents to pray five times daily "... in any quiet, dry, clean place..." and, "a clean towel or blanket-weight cloth" may be used as a substitute. A Correctional Institution's Guide to Islamic Religious Practices, Council on American-Islamic Relations (CAIR), Dr. Mohamed Nimer, Director of Research; © 2005.[1] Plaintiff has not demonstrated, other than in a conclusory fashion, that a prayer rug is an essential component of the practice of Islam and that his inability to use one inhibits the free practice of his religion.

***b. RLUIPA***

Liberally construed, and giving plaintiff the benefit of the doubt, it may be assumed that

---

[1] See http://www.cair.com/Portals/0/pdf/correctional_institution_guide.pdf

he also alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) [see 42 U.S.C. §2000cc *et seq*.]. RLUIPA mandates that, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1(a).

The Supreme Court has noted that RLUIPA protects the rights of prisoners who are unable to freely attend to their religious observances and who are dependant on the government's permission and accommodation. *Cutter v. Wilkinson*, 544 U.S. 709, 721, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005).

In order to state a claim under RLUIPA, the prisoner must show that challenged government action places a "substantial burden" on the exercise of his religion. If the prisoner carries the burden of proof on this issue, then the government must demonstrate some compelling interest warranting the challenged action. Under RLUIPA, a "religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* *§* 2000cc-5(7)(A). Thus, religious services, religious education, and dietary principles all qualify as "religious exercises."

While the statute does not define "substantial burden," Fifth Circuit jurisprudence has defined it as follows in the context of the RLUIPA, "... a government action or regulation creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly

modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004) at 569-70.

As noted in the discussion above, plaintiff has not now or ever alleged that the defendants have done anything to pressure him to modify his religious behavior or violate his beliefs or the tenets of Islam. Plaintiff has likewise failed to state a claim for which relief may be granted under the RLUIPA.

***Recommendation***

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 26, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE